PENNSYLVANIA RAILROAD COMPANY, APPELLANT, v. WILLIAM C. GEBHARDT, RESPONDENT.

Submitted December 15, 1916—Decided February 8, 1917.

The provision of the General Railroad law (3 *Comp. Stat.*, p. 1910, § 40), requiring that the clerk of the Supreme Court be carried free of charge, is unconstitutional as to any railroad company that is under no contract obligation to perform that duty.

On appeal.

Before Justices GARRISON, PARKER and BERGEN.

For the appellant, *Vredenburgh, Wall & Carey.*

For the respondent, *Josiah Stryker* and *John W. Wescott,* attorney-general.

The opinion of the court was delivered by

GARRISON, J. This appeal presents the question of the constitutionality of the statutory provision that the clerk of the Supreme Court shall pass free of charge over all railroads operating within this state. *Pamph. L.* 1914, p. 358.

In the court below the constitutionality of this provision was assumed and judgment rendered for the defendant, the action having been brought by the railroad company for fares, which, but for such statutory provision, had been earned by the plaintiff.

From the judgment thus rendered, the railroad company has appealed upon the ground that the statutory provision in question is unconstitutional.

In its essential features the case thus presented is indistinguishable from that of the secretary to the governor recently passed upon by the Court of Errors and Appeals *sub nomine Pennsylvania Railroad Co.* v. *Herrmann,* 89 *N. J. L.* 582. In that case, as in this, the obligation to carry the public official in question free of charge rested upon no contract between the railroad company and the state, contained either in the charter of such company or in the charter of any of its constituent companies, or in any general legislation under which any of such companies had been incorporated or under which they had received substantial accessions to their corporate powers. In the absence of any such contract obligation, it was held that a statutory requirement similar to the one now under review was an unconstitutional taking of the property of the stockholders of the railroad company that was not justified under the police power of the state or the reserved right of the legislature.

The sole point of difference that is relied upon to distinguish that case from the one before us, is that in the decided case the legislative provision for free carriage was enacted in 1907, whereas, in the present case, such provision was enacted in 1873. It is not contended that this difference in dates gives rise to any contract right, on the contrary the earlier provision is sought to be sustained solely as a valid exercise of the police power; to which end an excerpt from the opinion of this court in the case of *Delaware, Lackawanna and Western Railroad Co.* v. *Board of Public Utilities Commissioners,* 85 *N. J. L.* 28, is quoted and relied upon. The language thus quoted, as was pointed out by the Court of Errors and Appeals in the Herrmann case, occurred in the discussion of a side issue of purely speculative interest that did not enter into the decision of the case. For this reason the soundness of the views suggested in this connection was not considered in the appellate court.

Now, however, when they are put forward by counsel as the basis for the decision of the case in hand, the views thus relied upon have been considered not for the purpose of determining their historical value in accounting for the probable motives that actuated earlier legislation, but for the purpose of determining their constitutional value in supporting such legislation as a valid exercise of the police power. Regarded in this latter aspect, we find nothing in the view urged by counsel, no matter from what source derived, that constitutionally justifies the imposition upon the stockholders of railroad companies of the financial burden of furnishing free transportation to state officials.

In so far as such a view apparently receives support from the language of our earlier opinion, such language was unfortunate and calls for definitive treatment, since its untoward results have not been effectually counteracted merely by pointing out the *obiter* character in which such language was employed.

In this connection we may add that no theory of the police power that has been suggested, or brought to our attention, justifies in our judgment the imposition of the statutory requirement under consideration by any general legislation, early or late, that does not in legal effect give rise to a contract obligation upon the part of the railroad company to perform the duty imposed upon it. The present case, therefore, is not distinguishable from that of Pennsylvania Railroad Co. *v.* Herrmann, and hence upon the authority of that case the judgment of the District Court in the present case is reversed, and judgment given in favor of the appellant for the sum due it by the stipulation of the parties in the court below.